# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC,

    Defendant.

2:15-cv-00583-RCJ-PAL

**ORDER**

This case arises out of a homeowners' association foreclosure sale. Pending before the Court are a motion to reconsider and a motion to stay.

## I.    FACTS AND PROCEDURAL HISTORY

John Ring purchased real property at 820 Peachy Canyon Circle, Unit #104, Las Vegas, Nevada, 89144 ("the Property"), giving Evergreen Moneysource Mortgage Co. ("Evergreen") a $210,123 promissory note ("the Note") and a deed of trust ("the DOT") against the Property. (*See* Compl. 9–10, ECF No. 1). Dakota Condominiums Homeowners Association ("the CHOA") sold the Property to SFR Investments Pool 1, LLC ("SFR") at a non-judicial foreclosure sale for $9,200 on August 10, 2012. (*See id.* ¶¶ 12–18).[1] Nationstar Mortgage, LLC ("Nationstar") became the assignee of the DOT on March 26, 2013. (*Id.* ¶ 11).

---

1 Although the Complaint states that "plaintiff" bought the Property, that is apparently a

Nationstar sued SFR in this Court to quiet title to the Property as to the validity of the sale and the continuing vitality of the DOT. SFR answered and filed a Counterclaim to quiet title in its favor and for a permanent injunction against foreclosure under the DOT. The parties filed cross motions for summary judgment, each party asking the Court for defensive summary judgment against the other's claims and for offensive summary judgment on its own claims. The Court granted both motions in part and denied them both in part in April 2016, ruling that SFR was entitled to summary judgment against the Complaint as to the *Shadow Wood* issue, tender of the superpriority amount before sale, and the due process issue under the quiet title claim, and that Nationstar was entitled to summary judgment against the Counterclaim as to the bona fide purchaser issue. The Court ruled that the respective quiet title claims must be tried to a jury on the issues of lien priority (the comparative dates of recordation of the Declaration and the DOT), commercial unreasonableness of the sale, whether constitutional notice of the sale was given (as to SFR's counterclaim), and whether the loan was FHA-insured at the time of the sale.

Nationstar has asked the Court to reconsider summary judgment in part. SFR has opposed the motion and has asked the Court to stay the case pending issuance of the mandate in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), anticipating that the U.S. Supreme Court may grant certiorari in that case now that the Nevada Supreme Court has ruled contrary to the Court of Appeals as to the constitutionality of the notice scheme under Chapter 116.

///

///

---

typographical error. Nationstar clearly asserts an adverse interest in the Property as against the buyer (SFR) based on SFR's claim that the sale extinguished the DOT.

## II. DISCUSSION

The Court will reconsider and will not stay the case. Nationstar correctly notes that *Bourne Valley* is in conflict with this Court's previous ruling that there was no state action under Chapter 116 to support Nationstar's quiet title action under a due process theory. The issue of notice remains factually disputed, as the Court noted in denying summary judgment on SFR's quiet title counterclaim. As it stands now, *Bourne Valley* therefore requires this Court's reconsideration of summary judgment against Nationstar's due process claim. Nor would a U.S. Supreme Court reversal of *Bourne Valley* affect this Court's ruling that the notice issue must be tried as to SFR's counterclaim, because the governmental action implicated in the counterclaim is not Fourteenth Amendment state action via Chapter 116 (the issue in *Bourne Valley*), but Fifth Amendment federal government action via this Court's putative declaration. (*See* Order 11–12, ECF No. 31 (citing *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1075–81 (D. Nev. 2015) (Jones, J.))). Also, the issues of lien priority, commercial unreasonableness, and FHA insurance remain to be tried even if there were no due process issues at all.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 45) is DENIED.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge