**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | |
| Plaintiff, | 2:15-cv-00583-RCJ-PAL |
| vs. | |
| SFR INVESTMENTS POOL 1, LLC, | **ORDER** |
| Defendant. | |

**I.  FACTS AND PROCEDURAL HISTORY**

This case arises out of a homeowners' association foreclosure sale.  John Ring purchased real property at 820 Peachy Canyon Circle, Unit #104, Las Vegas, Nevada, 89144 ("the Property"), giving Evergreen Moneysource Mortgage Co. ("Evergreen") a $210,123 promissory note ("the Note") and a deed of trust ("the DOT") against the Property. (*See* Compl. 9–10, ECF No. 1).  Dakota Condominiums Homeowners Association ("the CHOA") sold the Property to SFR Investments Pool 1, LLC ("SFR") at a non-judicial foreclosure sale for $9,200 on August 10, 2012. (*See id.* ¶¶ 12–18).[1]  Nationstar Mortgage, LLC ("Nationstar") became the assignee of the DOT on March 26, 2013. (*Id.* ¶ 11).

---

1 Although the Complaint states that "plaintiff" bought the Property, that is apparently a typographical error.  Nationstar clearly asserts an adverse interest in the Property as against the buyer (SFR) based on SFR's claim that the sale extinguished the DOT.

Nationstar sued SFR in this Court to quiet title to the Property as to the validity of the sale and the continuing vitality of the DOT. SFR answered and filed a Counterclaim to quiet title in its favor and for a permanent injunction against foreclosure under the DOT. The parties filed cross motions for summary judgment, each party asking the Court for defensive summary judgment against the other's claims and for offensive summary judgment on its own claims. The Court granted both motions in part and denied them both in part in April 2016, ruling that SFR was entitled to summary judgment against the Complaint as to the *Shadow Wood* issue, tender of the superpriority amount before sale, and the due process issue under the quiet title claim, and that Nationstar was entitled to summary judgment against the Counterclaim as to the bona fide purchaser issue. The Court ruled that the respective quiet title claims must be tried to a jury on the issues of lien priority (the comparative dates of recordation of the Declaration and the DOT), commercial unreasonableness of the sale, whether constitutional notice of the sale was given (as to SFR's counterclaim), and whether the loan was FHA-insured at the time of the sale.

Nationstar asked the Court to reconsider summary judgment in part, arguing that in light of *Bourne Valley*, the Court's previous ruling that Chapter 116 foreclosures did not implicate state action must be reconsidered. The Court granted the motion and ruled that notice remained factually disputed. SFR asked the Court to stay the case pending issuance of the mandate in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), anticipating that the U.S. Supreme Court might grant certiorari in that case after the Nevada Supreme Court ruled contrary to the Court of Appeals as to the constitutionality of the notice scheme under Chapter 116. The Court refused to stay the case, and the Supreme Court has since denied certiorari.

///

## II. DISCUSSION

The Court has since ruled that because *Bourne Valley* struck down the notice scheme as facially unconstitutional, actual or reasonable notice is inapposite. *See Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17-cv-116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.). The Court will therefore quiet title in favor of Plaintiff under *Bourne Valley*.

There is no reason to await the Nevada Supreme Court's ruling as to whether Chapter 116 incorporated Nevada Revised Statutes section ("NRS") 107.090 at the relevant time. The Nevada Supreme Court has already ruled to the contrary. *See U.S. Bank., N.A. v. SFR Invs. Pool 1, LLC,* 124 F. Supp. 3d 1063, 1078–80 (D. Nev. 2015) (Jones, J.) (examining *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). And as the Court has noted in other cases, this Court and the Court of Appeals have both separately ruled that NRS 107.090 did not require notice to the deed of trust holder in a Chapter 116 sale at the relevant time. The Court of Appeals reasoned that incorporation would render part of the opt-in statutes superfluous. *See Bourne Valley Court Tr.*, 832 F.3d at 1159. This Court had previously disagreed with that reasoning, *see U.S. Bank., N.A.*, 124 F. Supp. 3d at 1079 n.3, but it would be bound even if it disagreed with the conclusion, which it does not. As the Court has noted in other cases, the later amendment of Chapter 116 to require notice in this context provides the most powerful of implications that the statute did not previously do so. *See US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-241, 2016 WL 4473427, at *5 n.1 (D. Nev. Aug. 24, 2016). The Court has also noted that Defendant's proffered interpretation would require a court to make the nonsensical finding that a deed of trust is subordinate to itself. *See id.* at *5.

///

///s

## CONCLUSION

IT IS HEREBY ORDERED that summary judgment is granted in favor of Plaintiff and against Defendant, and Plaintiff shall SUBMIT a proposed form of judgment within fourteen (14) days.

IT IS SO ORDERED.

Dated this 9th day of August, 2017.

							_____
							ROBERT C. JONES
							United States District Judge