1
2
3
4
5
6
7
8
9
10
11
12
13
14

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,   )
            )
    Plaintiff,     )
            )
   vs.       )   2:15-cv-00583-RCJ-PAL
            )
SFR INVESTMENTS POOL 1, LLC,  )   **ORDER**
            )
    Defendant.    )
            )
_____)

15    Plaintiff filed this case in March 2015, seeking to have this Court declare that its deed of

16 trust survived an HOA foreclosure sale under Nev. Rev. Stat. § 116.3116. Defendant answered

17 and counterclaimed for the opposite declaratory relief.

18    In April 2016, this Court granted in part and denied in part the parties' competing summary

19 judgment motions. (ECF No. 31.) The court denied summary judgment in favor of Plaintiff on the

20 issue of tender because it concluded the $1,200 check was $150 short of the superpriority amount.

21 The court determined fact issues existed on Plaintiff's due process, supremacy clause, and

22 equitable/commercial reasonable arguments. The court denied summary judgment to Plaintiff on

23 the argument the sale should be set aside due to inadequacy of price plus fraud, unfairness, or

24 oppression. The court also concluded Defendant was not a bona fide purchaser.

Then, in January 2017, this Court granted summary judgment in favor of Plaintiff based on *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), which ruled that the statutory scheme was facially unconstitutional. (ECF No. 50.) Defendant appealed. During the pendency of that appeal, the Ninth Circuit overruled *Bourne Valley*, so the circuit reversed and remanded this case in September 2020.

This Court then allowed for limited discovery to argue new issues based upon changes in Nevada law over the past five years. This discovery has completed, and now Plaintiff moves for this Court to reconsider its prior determination on the adequacy of its tender offer and raises for the first time that tender would have been futile. This Court finds, based upon recent Nevada Supreme Court decisions, Plaintiff is correct and entitled to summary judgment on both accounts.

**FACTUAL BACKGROUND**

The following facts in this case are undisputed. In 2009, Mr. John Ring purchased the property at issue in this case, 820 Peachy Canyon Circle, #104, Las Vegas, NV 89144, (the Property) with a loan secured by an FHA deed of trust in favor of Evergreen Moneysource Mortgage Company. Mortgage Electronic Registration Systems, Inc. (MERS) was the nominal beneficiary and assigned the deed of trust to Plaintiff on March 14, 2013.

The Property is located within the Dakota Condominiums Community (the HOA), which required Mr. Ring to pay monthly assessments. The HOA, through Nevada Association Services, Inc. (NAS), recorded a notice of delinquent assessment lien on August 16, 2010. The HOA's assessments were $150.00 per month. There were no maintenance or nuisance abatement charges. At the time the notice of lien was recorded and served, the property owner owed three assessments, totaling $450.00.[1]

---

[1] Plaintiff posits that there were three months of assessments due at this time, and Defendant does not contest this assertion in its briefs. The Court nonetheless notes that there may have been four months of assessments due at this time. In a report detailing the payment history, it appears that

NAS recorded a notice of default and election to sell asserting the amount due was $2,632.00 on October 5, 2010. The notice did not identify: 1) the amount owed for unpaid assessments versus other fees; 2) the superpriority amount; or 3) how to pay any superpriority amount owed.

On November 8, 2010, Plaintiff's predecessor-in-interest, Bank of America, N.A. (BANA), sent a letter to NAS offering to pay the superpriority amount in full. It stated, "It was unclear, based on the information known to date, what amount the nine months' of common assessments predating the NOD actually are. . . . [BANA] offers to pay that sum upon presentation of adequate proof of the same by the HOA."

After no response, BANA sent another request for the superpriority amount on November 15, 2010. NAS responded on November 23, 2010 by proving a complete account statement and pay history. The statement, also dated November 23, 2010, clearly indicates that Mr. Ring owed $1,200 in monthly assessments to the HOA; one of the lines reads, "Total Monthly Assessments due---$1,200." The payment history report is vaguer. It states that up to May 4, 2010, there was a balance of $1,646, and Mr. Ring made a payment of $1,386. This payment appears to have nullified a late fee of $60 and an "intent to lien" fee of $50, such that the remaining balance was $150. And Mr. Ring made no further payments. So, it appears seven monthly assessments (May through November) were due at this time, which would amount to a total $1,050.

On December 16, 2010, BANA sent NAS a letter and check for $1,200 to pay off the superpriority portion of the HOA's lien. The letter stated that the superpriority amount of the HOA's lien was only "nine months of assessments for common expenses incurred before the date of your notice of delinquent assessment." The payment for $1,200 was premised upon the

---

there were monthly assessments for May, June, July, and August due by August 16, 2010. (ECF No. 70 Ex. E-3.) This fact, however, is not material to this order.

condition that the superpriority was "paid in full," but mistakenly stated that it represented "the maximum 9 months['] worth of delinquent assessments recoverable by an HOA." NAS rejected this payment.

NAS had a policy of rejecting payments for the superpriority amount when they contained the condition that superpriority was satisfied. Mr. Chris Yergensen, NAS's corporate counsel, testified in another case that NAS received "hundreds, if not thousands, of checks from [BANA's counsel] Miles Bauer that were equal to what Miles Bauer thought was the superpriority portion of the lien" in the 2010 to 2012 timeframe. He further stated:

> NAS's policy in receiving checks is that it would accept a check if it had no conditions on it and apply it to the outstanding balance. If it was a payment in full, it would pay off the account in full, and NAS would close the collection file. If it was a partial payment and it was made with no conditions, NAS would accept the check, apply it to the outstanding delinquent balance, and continue to collect on the outstanding balance.
> If it was a partial payment that had conditions on it such as "this is payment in full" or "if you accept this, it's payment in full," and it was not, that condition was not necessarily true or agreed upon, then the check would be returned.

NAS's "founder/CEO/owner" similarly testified "[E]very check that I received from a lender for the superpriority portion of [the HOA lien] . . . had conditions in it. . . . That this satisfies A, B, and C . . . or something to that effect, and we would reject that check because . . . the terms of negotiating the check were problematic."

NAS may have took this position based on a misreading of the Nevada statutes, which gave the HOAs a superpriority. It argued, "[I]n the absence of foreclosure of the first deed of trust, there is no super-priority analysis under NRS § 116.3116." *BAC Home Loans Servicing, LP v. Stonefield II Homeowner's Ass'n*, No. 2:11-cv-00167-JCM-RJJ, Reply Brief in Support of Motion to Dismiss, ECF No. 125 at 3.

///

///

On July 12, 2012, the HOA through NAS recorded a notice of foreclosure sale. The HOA foreclosed on August 10, 2012. Defendant purchased the Property for $9,200. At this time, the Property appraised for $130,000.

## LEGAL STANDARD

A court should grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only facts that affect the outcome are material. *Id.*

To determine whether summary judgment is appropriate, a court uses a burden-shifting analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof at trial, that burden may be satisfied by presenting evidence that proves every element of the claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. On the other hand, when the party seeking summary judgment would not bear the burden of proof at trial, it need only demonstrate that the other party failed to establish an essential element of the claim or present evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgment if either the moving party fails to meet its initial burden or, if after it meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

///

///

///

///

# ANALYSIS

Plaintiff now raises two arguments, which this Court finds persuasive: (1) Plaintiff offered sufficient tender. (2) Even if it had not provided such tender, NAS would have rejected such an offer, making tender futile. Success on either argument would entail that its deed of trust survived the HOA foreclosure sale.

Before delving into these arguments, the Court finds that it would be helpful to provide a legal framework of the HOA foreclosure sales under the Nevada statutes. Nev. Rev. Stat. § 116.3116(1) provides HOAs with a lien over a unit "for any construction penalty that is imposed against the unit's owner pursuant to Nev. Rev. Stat. § 116.310305, any assessment levied against that unit or any fines imposed against the unit's owner from the time the construction penalty, assessment or fine becomes due." To the extent that the lien is comprised of charges for maintenance and nuisance abatement, and nine months of unpaid assessments preceding institution of an action to enforce the lien, it is known as the "superpriority" lien and is senior to all other liens. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC* (*SFR II*), 427 P.3d 113, 117 (Nev. 2018) (en banc) (citing Nev. Rev. Stat. § 116.3116(2)). Additionally, Nev. Rev. Stat. § 116.31162 provides that an HOA may foreclose on an owner of a unit in default, and such foreclosure may extinguish junior liens, including deeds of trust. *SFR Investments Pool 1 v. U.S. Bank* (*SFR I*), 334 P.3d 408, 416 (Nev. 2014) *superseded by statute on other grounds as stated in Saticoy Bay LLC 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428 (Nev. 2019).

The Nevada Supreme Court held that junior lienholders avoid extinguishment of their liens by providing valid tender to the superpriority lienholder. *SFR II*, 427 P.3d at 117. Tender is an offer to pay in full coupled with present ability to do so—not "a promise to make a payment at a later date or once a certain condition has been satisfied." *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 350 (Nev. 2020) (en banc). Tender offers, furthermore, must be

unconditional, excepting those conditions the junior lienholder has a legal right to insist upon. *SFR II*, 427 P.3d at 118. A junior lienholder does have a legal right to insist that a payment for the superpriority amount extinguishes the superpriority. *Id.*

As another preliminary matter, Defendant argues that Plaintiff may not raise these arguments at this time based on its prior order of summary judgment and the stage of these proceedings. (ECF No. 31.) This is incorrect. The Court may reconsider a prior order based on, among other reasons, "an intervening change in controlling law." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). The Nevada Supreme Court has clarified the statutes at issue in two important respects.

First, this Court previously concluded that superpriority amount was for nine months of assessments and maintenance and nuisance abatement. As there were no nuisance or maintenance charges, the Court therefore concluded the superpriority amount was $1,350. However, the Nevada Supreme Court has since ruled the nine months of unpaid assessments are only for months leading up to an HOA's issuance of a notice of delinquent assessments. *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.* (*Gray Eagle*), 388 P.3d 226, 231 (Nev. 2017). Second, the Nevada Supreme Court recently ruled that the doctrine of futility may be applied to the statutory scheme at issue, such that if a deed of trust holder shows the HOA would have rejected tender, tender is excused, and the deed of trust will survive a foreclosure sale. *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 350 (Nev. 2020) (en banc). Both of these opinions came after this Court's previous decision and as such are properly considered now.[2]

///

---

[2] Defendant relies on *CitiMortg., Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103 (9th Cir. 2020) to argue this Court cannot consider these issues now. In this case, the Ninth Circuit ruled that it would not consider a futility argument raised for the first time on appeal. This case is inapposite as it is not on appeal.

Now that the Court has addressed these preliminary matters, it reaches the merits of Plaintiff's arguments. Here, under *Gray Eagle*, the HOA was only entitled to $450 or $600 because there were only three or four months of assessments past due when the HOA issued its notice of delinquent assessment in August 2010. As such when BANA sent NAS a letter and check for $1,200 that was sufficient tender. *SFR II*, 427 P.3d at 118. This is true in spite of the of fact that it contained a condition that the superpriority portion of the lien was satisfied because BANA had a legal right to insist upon that condition. *Id.* It is also immaterial that BANA misstated that $1,200 constituted nine months of assessments because this detail fails to change the essential facts that BANA timely offered more than the superpriority amount with legally permissible conditions. This is especially true, when NAS's records only showed it was owed $1,200 in monthly assessments at that time. Tender was therefore sufficient, and Plaintiff's deed of trust therefore survived the HOA's foreclosure sale.

Further compelling this conclusion is Plaintiff's additional argument of futility. Relying upon the same testimony as this case, courts have routinely found that NAS has a standing policy to reject sufficient tender payments that insisted on the legally permissible condition of satisfaction of the superpriority amounts. *See, e.g.*, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (2020); *RH Kids, LLC v. MTC Fin.*, 367 F. Supp. 3d 1179, 1186 (D. Nev. 2019). The evidence in these cases is more than sufficient for this Court to conclude the same here—tender would have been futile.

Finally, as a fallback argument, Defendant again attempts to persuade this Court that it was a bona fide purchaser. This argument is inapposite because even if it were a bona fide purchaser, it would fail to remove Plaintiff's deed of trust. The Nevada Supreme Court has previously found a deed of trust survives such foreclosure sales even if the purchaser is a bona fide one, where, as here, the foreclosure was void because of on an improper rejection of tender. *SFR II*, 427 P.3d at

121 ("A party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void.").

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 71) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff will SUBMIT a proposed judgment within fourteen days of this Order.

IT IS SO ORDERED.

Dated September 9, 2021.

_____
ROBERT C. JONES
United States District Judge